## Katz Trust

*Irwin Paul,* for petitioner
*Rappaport and Furman,* contra.

C. KLEIN, *J.,* June 24, 1977—On December 1, 1971, Joseph R. Katz, of Philadelphia, who is living, executed an indenture of trust in which he designated his son, Allen D. Katz, his daughter, Fern D. Helfond, and Julius Spiller, a certified public accountant, as trustees. He transferred seven parcels of real estate, situated in Philadelphia and a 15-acre farm in Vineland, N. J., to the trustees. Fern D. Helfond resides in Mt. Laurel, N. J.; Allen D. Katz resides in Palmyra, N. J.; and Julius Spiller resides in Penn Wynne, Montgomery County, Pa.

The trust instrument provides:

"X. All accountings made by the TRUSTEES hereunder shall be made in the Commonwealth of Pennsylvania, in any Court of competent jurisdiction in that State, chosen by the TRUSTEES, and all the questions pertaining to the validity, construction and administration of the trusts hereby

created shall be determined under the Laws of the Commonwealth of Pennsylvania."

The trust instrument does not expressly designate the situs of the trust in any specific county in Pennsylvania. Consequently, the situs is in the county of the settlor's principal residence *or in the county in which any of the trustees reside or is located:* Act of June 30, 1972, P.L. 508, 20 Pa. C.S.A. §724(b)(1)(i).

The record discloses that Allen D. Katz, settlor's son and one of the trustees, presented a petition in the Orphans' Court Division of the Court of Common Pleas of Montgomery County (No. 77553) on February 10, 1976, upon which a citation issued directed to the other two trustees, Julius Spiller and Fern D. Helfond, settlor's daughter, to show cause why they should not file an account. On March 26, 1976, proof of service of citation having been filed of record and there being no appearance or answer on behalf of respondents, a decree was entered by Taxis, J., directing Julius Spiller and Fern D. Helfond to file an account of their administration of the trust estate within 60 days after personal service of the order upon them.

Subsequently, on December 10, 1976, Fern D. Helfond filed the present petition in this court requesting that a citation be issued directed to Allen D. Katz and Julius Spiller, her cotrustees, to appear and show cause why they should not be removed as trustees, together with such further relief as the court deems appropriate with respect to such matters as accounting, commissions and attorney's fees.

Since Julius Spiller resides in Montgomery County, the Orphans' Court Division of that county is a proper forum in which to seek an accounting and other relief.

20 Pa. C.S.A. §722 provides:

"Venue of trust estates. When a Pennsylvania court has jurisdiction of any trust, testamentary or inter vivos, except as otherwise provided by law, the venue for all purposes shall be in the county where at the time being is the situs of the trust. The situs of the trust shall remain in the county of the court which first assumed jurisdiction of the trust, unless and until such court shall order a change of situs under the provisions of this chapter."

Since the Orphans' Court Division of the Court of Common Pleas of Montgomery County has first assumed jurisdiction of this trust and has not ordered a change of situs, we are precluded by the statute from exercising jurisdiction in the present proceedings.

Accordingly, we enter the following

DECREE

And now, June 24, 1977, the prayer of the petition is denied.